## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL ASBESTOS )
WORKERS MEDICAL FUND )
7130 Columbia Gateway Drive )
Suite A )
Columbia, MD  21046, )
)
                **Plaintiffs,** )
)
         **vs.** ) C.A. No.:
)
ACTION INSULATION SERVICES, INC. )
1121 Timber Ridge Road )
Watkinsville, GA  30677 )
)
Serve:    Robert Gregory Mann, President )
           1121 Timber Ridge Road )
           Watkinsville, GA  30677 )
)
and )
)
ROBERT GREGORY MANN )
1121 Timber Ridge Road )
Watkinsville, GA  30677 )
)
Serve:    Robert Gregory Mann )
           1121 Timber Ridge Road )
           Watkinsville, GA  30677 )
)
                **Defendants.** )

## COMPLAINT

### (FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT, TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS AND FOR BREACH OF A SETTLEMENT AGREEMENT)

### Jurisdiction

      1.    This Court has jurisdiction of this action under Sections 502 and 515 of the

Employee Retirement Income Security Act of 1974, (hereafter "ERISA"), 29 U.S.C. §§ 1132 and 1145,

and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a).  This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement.

## Parties

2.      Plaintiffs are the Trustees of the National Asbestos Workers Medical Fund (hereinafter "NAW Fund"), a multiemployer employee benefit plan as that term is defined in Section 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and (37) (as amended).  The Plaintiff Fund is established and maintained according to the provisions of the Restated Agreement and Declaration of Trust establishing the NAW Fund (hereinafter "Trust Agreement") and the Collective Bargaining Agreement between Asbestos Workers Local Union No. 48 (hereinafter "the Union") and the Defendant.  The NAW Fund is administered at 7130 Columbia Gateway Drive, Suite A, Columbia, MD  21046.

3.      Defendant Action Insulation Services, Inc. (hereinafter "Action") is a corporation existing under the laws of the State of Georgia with offices located in Georgia. Defendant transacts business in the State of Georgia as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

4.      At all times relevant herein, the Defendant Robert Gregory Mann (hereinafter "Mann") has been the President of the Defendant Action and is a resident of the state of Georgia.

2

## COUNT I

5.      Defendant Action entered into a Collective Bargaining Agreement with the Union establishing terms and conditions of employment for heat and frost insulators employed by the Defendant.

6.      Pursuant to the Collective Bargaining Agreement, Defendant Action agreed to pay to the Plaintiff Funds certain sums of money for each hour worked by employees of Defendant covered by the Collective Bargaining Agreement.

7.      Defendant Action employed certain employees covered by the Collective Bargaining Agreement during the period of February 2011 through the present.

8.      Defendant Action is bound to the Trust Agreement.

9.      The Defendant Action experienced substantial difficulty in making the required benefit contributions to the NAW Funds.  On or about December 19, 2011, in response to these difficulties, the NAW Funds and said Defendant Action entered into a Settlement Agreement and Promissory Note (hereinafter "settlement documents") allowing for a systematic payment over time of all amounts owed to the NAW Funds.  These settlement documents required, inter alia, the payment of the principal amount of $57,253.94 in contributions, accrued interest, costs and attorneys' fees owed by said Defendant to the NAW Funds over a period of 36 months with interest assessed on the payments at the rate of 5% per annum.  The settlement documents further provided that the Defendant Action remain current in all future contributions to the NAW Fund for the duration of the settlement and file all monthly report forms and payments on time as required by the Fund's Trust Agreement.

10.     Defendant Mann executed these settlement documents pursuant to which he committed himself to act as guarantor for all amounts owed by the Defendant Action to the NAW Fund

inclusive of future monthly contributions owed to the Fund which becomes due during the life of the settlement documents.

11.     The Defendant Action defaulted on the terms of the settlement documents by failing to make the settlement payments due on June 15, 2013 and July 15, 2013 and by failing to pay contributions owed for the months of April, May and June 2013.  Pursuant to the terms of the settlement documents, Defendant Action is in default on the settlement and the amount of $31,283.35 currently owed under the settlement documents is immediately due and payable to the NAW Fund.

12.     Defendant Action has failed to submit reports and pay contributions owed to the Plaintiff NAW Fund for the months of April, May and June 2013.  Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to submit report forms and pay contributions owed to the Plaintiff NAW Fund.

13.     Pursuant to the Trust Agreement, when an employer fails to file the properly completed report forms, in order to determine the amounts due, the Plaintiff NAW Fund is authorized to project the delinquency amount using the following formula:

> . . . The Trustees may project as the amount of the delinquency the greater of (a) the average of the monthly payments or reports actually submitted by the Employer for the last three (3) months for which payments or reports were submitted or (b) the average of the monthly payments or reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted.

14.     Using report forms submitted for the last three (3) months for which hours were

4

reported, the projected delinquency for the months of April, May and June 2013 is $61,000.29 calculated as follows:

| Month | Medical Reported |
|-------|------------------|
| January 2013 | $18,318.48 |
| February 2013 | $19,021.65 |
| March 2013 | $18,222.32 |
| Monthly Average: | $18,520.82 |

15.     Defendant Action's contributions on behalf of its heat and frost insulator employees for the months of February 2012 through March 2013 were paid late (see breakdown of contributions paid and dates received attached hereto as Exhibit A) and its contributions for the months of April and May 2013 are late.

16.     The Trust Agreement establishing the Plaintiff NAW Fund provides as follows:

> If an Employer fails to file reports or make contributions within ten (10) calendar days of the due date, there shall be added to and become a part of the amount due and unpaid:  (1) liquidated damages for each monthly report or payment due to the Fund, in the amount of twenty percent (20%) of the amount due or 20 dollars, whichever is greater, plus interest at the rate of eight percent (8%) from the due date to the date of payment; or (2) interest at the rate of 1 1/2% per month; or (3) double interest as provided in the Act.

17.     Pursuant to this provision, Defendant is obligated to the Plaintiff NAW Medical Fund in the amount of $5,985.91 in interest on the late payments for the months of February 2012 through May 2013 assessed at the rate of 1½% per month in accordance with the Trust Agreement and continuing to accrue on the unpaid contributions through the date of payment.

18.     Pursuant to the terms of the settlement documents, the Defendant Mann is liable for all amounts owed by the Defendant Action to the NAW Fund.  Accordingly, the Defendant Mann is liable to the NAW Funds for the sum of $98,269.55, plus costs and attorneys' fees.

**WHEREFORE**, in Count I, Plaintiff NAW Funds pray for Judgment against the Defendant Action and the Defendant Mann, jointly and severally, as follows:

A.      In the amount of $31,283.35 as currently owed under the terms of the settlement documents.

B.      In the amount of $61,000.29 in contributions due for work performed in April, May and June 2013, plus costs and reasonable attorneys' fees pursuant to the Trust Agreements and 29 U.S.C. § 1132(g).

C.      In the amount $5,985.91 in interest assessed on the late payments for the months of February 2012 through May 2013 pursuant to the Trust Agreements and 29 U.S.C. § 1132(g).

D.      For all contributions, liquidated damages and interest which become due subsequent to the filing of this action through the date of Judgment pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. § 1132(g).

E.      For such further relief as the Court may deem appropriate.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C.  20016
(202) 362-0041 – telephone
(202) 362-2640 – facsimile
cgilligan@odonoghuelaw.com

Charles W. Gilligan, Esquire
Maryland Bar No.:  05682

Attorneys for Plaintiffs

234175_1.DOC

6

## CERTIFICATE OF SERVICE

This is to certify that on this 24th day of July, 2013 a copy of the foregoing Complaint

was sent by certified mail, postage prepaid to:

The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC:TEGE
Room 4300
1111 Constitution Avenue
Washington, DC  20224
Attention:  Employee Plans

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC  20210
ATTENTION:  Assistant Solicitor for
         Plan Benefits Security

_____
Charles W. Gilligan

234175_1.DOC